10-511-ag
Jallow v. Holder

BIA
Chew, IJ
A088 377 768

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of December, two thousand ten.

PRESENT:
      JOHN M. WALKER, JR.,
      ROBERT D. SACK,
      GERARD E. LYNCH,
         *Circuit Judges.*

_____

MODOU SAMBA JALLOW, also known as
MOUDOU SAMBA JALLOW, also known as
MOMODOU SAMBA JALLOW,
        *Petitioner,*

    v.                    10-511-ag
                              NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:      Ronald S. Salomon, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Shelley R. Goad, Assistant Director; Nancy K. Canter, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Modou Samba Jallow, a native and citizen of The Gambia, seeks review of a January 14, 2010, order of the BIA affirming the July 3, 2008, decision of Immigration Judge ("IJ") George T. Chew, which denied Jallow's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Moudou Samba Jallow,* No. A088 377 768 (B.I.A. Jan. 14, 2010), *aff'g* No. A088 377 768 (Immig. Ct. N.Y. City July 3, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-67 (2d Cir. 2008).

Contrary to Jallow's position, substantial evidence supports the agency's adverse credibility determination. For asylum applications like Jallow's, governed by the REAL

2

ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, or inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

The agency reasonably relied on inconsistencies between Jallow's testimony at the merits hearing and information he had previously provided. *See Xiu Xia Lin*, 534 F.3d at 167. As the IJ found, Jallow admitted to putting a false occupation on his visa application; testified inconsistently regarding his departures from The Gambia; testified that he was a member of the UDP political party, but stated in his asylum application that he was not a member; and omitted from his application any assertion that – as he testified – he was restrained, beaten, left in the dark, and had water poured over him during his second arrest. These inconsistencies and omissions provide substantial evidence in support of the adverse credibility finding. *Id*. at 166 n.3 (holding that for purposes of analyzing a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent."); *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006); *Siewe v. Gonzales*, 480 F.3d 160,

170 (2d Cir. 2007). Moreover, contrary to Jallow's argument, these inconsistencies were a sufficient basis for the agency's adverse credibility finding, even if they do not go to the heart of his claim. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163.

Given that the adverse credibility determination is supported by substantial evidence, Jallow's argument that the agency erred by failing to properly consider the entire record is unavailing. We presume that the agency has taken into account all of the evidence before it, unless the record compellingly suggests otherwise. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006). At any rate, because the agency reasonably found Jallow not credible regarding his own experiences, background materials such as country conditions reports could not adequately support his claim.

Because the adverse credibility determination is supported by substantial evidence, we do not reach the BIA's determination that Jallow failed to demonstrate that any persecution was on account of a protected ground. Because Jallow's claims all were based on the same factual predicate, the agency's adverse credibility determination was a proper basis for denial of his application for asylum,

4

as well as for withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk